LAW OFFICES
# ABROMSON & CAREY
A PROFESSIONAL ASSOCIATION
60 PARK PLACE, SUITE 601
NEWARK, NEW JERSEY 07102

EDWARD J. ABROMSON (1904-1986)

GLENN B. CAREY

E-MAIL:
GBCarey1@AOL.com

WEBSITE: HTTP://abromsoncarey.lawoffice.com

(973) 623-5593
FAX (973) 624-4804

January 24, 2008

Via Electronic Filing

United States Federal Court
Martin Luther King Jr. Federal Building
Clerks Office, 4th fl.
50 Walnut Street
Newark, New Jersey 07102

**Re: Emma Kuryla v. Aetna Life Insurance Company, Business Council of New York and El Al Airlines**

Dear Sir:

Enclosed please find Complaint, Cover Sheet and Summonses for each of the above captioned defendants. Filing fee has been satisfied via electronic credit card payment.

As always, your cooperation is appreciated

Very truly yours,
**ABROMSON & CAREY**

By _____
Glenn B. Carey

GBC:sh
Enclosures

AO 440 (Rev. 1/90) Summons in a Civil Action

# United States District Court

DISTRICT OF __NEW JERSEY__

EMMA KURYLA

## SUMMONS IN A CIVIL ACTION

V.

AETNA LIFE INSURANCE COMPANY,
BUSINESS COUNCIL OF NEW YORK
and EL AL AIRLINES

CASE NUMBER:

TO: (Name and Address of Defendant)

Aetna Life Insurance Company
151 Farmington Avenue – Rt. 21
Hartford, CT  06156

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Glenn B. Carey
ABROMSON & CAREY
60 Park Place, Suite 601
Newark, NJ  07102

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

CLERK

DATE

AO 440 (Rev. 1/90) Summons in a Civil Action

# United States District Court

DISTRICT OF **NEW JERSEY**

EMMA KURYLA

## SUMMONS IN A CIVIL ACTION

V.

AETNA LIFE INSURANCE COMPANY,
BUSINESS COUNCIL OF NEW YORK
and EL AL AIRLINES

CASE NUMBER:

TO: (Name and Address of Defendant)   Business Council of New York State, Inc.
12 Corporate Woods Blvd.
Albany, NY  12211-2344

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)   Glenn B. Carey
ABROMSON & CAREY
60 Park Place, Suite 601
Newark, NJ  07102

an answer to the complaint which is herewith served upon you, within ____20____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

CLERK

DATE

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

DISTRICT OF ___NEW JERSEY___

EMMA KURYLA

## SUMMONS IN A CIVIL ACTION

V.

AETNA LIFE INSURANCE COMPANY,
BUSINESS COUNCIL OF NEW YORK
and EL AL AIRLINES

CASE NUMBER:

TO: (Name and Address of Defendant)   El Al Airlines
15 East 26th Street
6th Floor
New York, NY  10010

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)   Glenn B. Carey
ABROMSON & CAREY
60 Park Place, Suite 601
Newark, NJ  07102

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

CLERK

DATE

Glenn B. Carey
**ABROMSON & CAREY**
60 Park Place, Suite 601
Newark, NJ 07102
(973) 623-5593
Attorneys for Plaintiff
GBC 7974

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

EMMA KURYLA

      Plaintiff,

V.

AETNA LIFE INSURANCE COMPANY,
BUSINESS COUNCIL OF NEW YORK
and EL AL AIRLINES
      Defendants.

Civil Action

Civil Action No.

**COMPLAINT AND JURY DEMAND**

    Plaintiff, Emma Kuryla, by way of Complaint against the Defendants, states:

### Jurisdiction and Venue

    1. Jurisdiction of the Court is based on the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. Sec. 1132 (e)(1) and 1132(f) (ERISA) Title I Sec. 502 (e)(1). These provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long term disability insurance policy issued by defendants, Aetna Life Insurance Company (Aetna) and provided by defendant Business Council of New York or defendant El Al Airlines to the plaintiff, Emma Kuryla, one of its employees. In addition, this action may be brought before this Court pursuant to 28 U.S.C. Sec. 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. Sec.1133, a mechanism for administrative or internal appeal of denial of benefits. These avenues of appeal have been exhausted.

3. Venue is proper in the District of New Jersey pursuant to 29 U.S.C. Sec. 1132 (e)(2), 28 U.S.C. Sec. 1391 (ERISA) Title I, Sec. 502 (e) (2).

### Nature of Action

4. This is a claim seeking an award to plaintiff for disability income benefits pursuant to an employee welfare benefit plan ( "Plan" ) providing group long term disability insurance benefits to employees of defendant, Business Council of New York or El Al Airlines, under a policy of insurance issued by defendant Aetna.  This action seeking recovery of benefits, is brought pursuant to 29 U.S.C. Sec. 1132 (a)(1)(b), (ERISA)  Title I, Sec. 502(a)(1)(b).

### The Parties

5. At the time of the breach, wherein defendant Aetna denied long term disability benefits under the "Plan," the plaintiff, Emma Kuryla, was a resident of Morganville, Monmouth County, located in the State of New Jersey

6. Defendant Business Council of New York, El Al Airlines or the defendant Aetna is designated as the Plan Administrator for the "Plan" for employees of El Al Airlines.  Defendant Aetna is the underwriter of disability insurance coverage applicable to this action.  At all times relevant hereto, defendant Aetna was doing business throughout the United States and within the State of New Jersey; and was providing welfare benefits, including disability insurance benefits payable under the plan or administering disability insurance benefits on behalf of various employees.

7. At all times relevant hereto, the "Plan" constituted an "employee welfare benefit plan" as defined by 29 U.S.C. Sec.1002 (1); an incident to her employment, Emma Kuryla received

coverage under the "Plan" as a "participant" as defined by 29 U.S.C. Sec.1002 (7). This claim relates to benefits under the foregoing "Plan."

## Statement of Facts

8. Plaintiff, Emma Kuryla, was a full time employee of defendant El Al Airlines or Business Council of New York as a Reservations Clerk, and was actively employed until July 9, 2004, when she ceased working due an automobile accident resulting in severe injuries that led to anxiety, depression, cognition disorder and muscle skeletal impairments. As a result of these disabling impairments, plaintiff has not returned to work since July 9, 2004.

9. Subsequent to ceasing her employment, plaintiff made a claim for benefits under the "Plan" provided to employees of defendant El Al Airlines or Business Council of New York stating that she met the definition of disability as defined by the "Plan" pursuant to the Business Council of New York or El Al Airlines' Long Term Disability group policy:

"From the date that you first become disabled and until the end of the Own Occupation Period, you will be deemed to be disabled on any day if:

- You are not able to perform the material duties of your own occupation solely because of disease or injury; and

- Your work earnings are 80% or less of your adjusted predisability earnings.

After the Own Occupation Period, you will be deemed to be disabled on any day if you are not able to work at any reasonable occupation solely because of:

- disease;

- injury."

Under the Schedule of Coverage the Own Occupation Period is 24 months.

Further the plan states under the Period of Disability:

A period of disability will end after 24 months benefits are payable if it is determined that the disability is primarily caused by:

- A mental health or psychiatric Condition is just condition capitalized in the policy, including physical manifestations of these condition, but excluding those conditions with demonstrable, structural brain damage.

10. Plaintiff was paid 24 months of long term disability benefits under the plan.

11. Thereafter, by letter dated December 18, 2006, plaintiff was notified by defendant Aetna that no further benefits would be payable beyond January 4, 2007.

12. Thereafter, plaintiff submitted an administrative appeal of the denial of her disability claim in accordance with 29 U.S.C. Sec. 1133, and by letter dated December 3, 2007, Aetna advised Ms. Kuryla that the termination of benefits was sustained.

13. All administrative remedies have been exhausted and this matter is ripe for judicial review.

14. Since July 9, 2004, through the present time, plaintiff has been disabled as defined under the terms of the "Plan."

15. The decision by defendant Aetna that plaintiff was not disabled is contrary to the welfare benefit plan and is not supported by the evidence.

16. As a direct and proximate result thereof, based on the evidence submitted to defendant Aetna establishing that the plaintiff met the definition of disability under the terms of the "Plan" continuously since July 9, 2004, plaintiff is entitled to payment of her monthly disability insurance payments retroactive from the date of her disability and such benefits must be continued until plaintiff recovers from her disability, death or to age 65 whichever comes first.

WHEREFORE, plaintiff prays for the following relief:

A. That the Court enter judgment in plaintiff's favor and against the defendants jointly, severally or in the alternative and that the Court order the defendant Aetna and defendant Business Council of New York and defendant El Al Airlines to pay disability income benefits to the plaintiff in an amount equal to the contractual amount of benefits to which plaintiff is entitled;

B. That the Court order defendants jointly, severally or in the alternative to pay plaintiff, prejudgement interest on all benefits that have accrued prior to the date of judgment and to continue paying benefits to plaintiff so long as she meets the policy terms and conditions for receipt of benefits;

C. That the Court award plaintiff her attorney's fees pursuant to 29 U.S.C. Sec. 1132(g); and

D. That the plaintiff recover any and all other relief to which she may be entitled, as well as the cost of suit.

**ABROMSON & CAREY**
Attorneys for Plaintiff

By  *[signature]*
Glenn B. Carey

Dated: January 24, 2008

LOCAL RULES

# APPENDIX OF FORMS OF THE DIRECTOR OF THE ADMINISTRATIVE OFFICE OF THE COURTS REQUIRED TO BE USED UNDER LOCAL RULES

## ADVERSARY PROCEEDING COVER SHEET

| B 104 (Rev. 8/87) ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> EMMA KURYLA | **DEFENDANTS** <br> AETNA LIFE INSURANCE COMPANY and BUSINESS COUNCIL OF NEW YORK and EL AL Airlines |
| ATTORNEYS (Firm Name, Address, and Telephone No.) <br> ABROMSON & CAREY <br> 60 Park Place, 6th Floor <br> Newark, NJ  07102 (973-623-5593) | ATTORNEYS (If Known) |

PARTY (Check one box only)   ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☐ 3 U.S. NOT A PARTY

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Claim for relief under the Employee Retirement Income Security Act (ERISA) 29 USC Section 1132 etc seq

### NATURE OF SUIT
(Check the one most appropriate box only.)

☒ 454 To Recover Money or Property
☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
☐ 424 To object or to revoke a discharge 11 U.S.C. §727

☐ 455 To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan
☐ 426 To determine the dischargeability of a debt 11 U.S.C. §523
☐ 434 To obtain an injunction or other equitable relief
☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action
☐ 459 To determine a claim or cause of action removed to a bankruptcy court
☐ 498 Other (specify)

ORIGIN OF PROCEEDINGS (Check one box only.)   ☒ 1 Original Proceeding   ☐ 2 Removed Proceeding   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another Bankruptcy Court   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| DEMAND | NEAREST THOUSAND $ | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|

BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

FILING FEE (Check one box only.)   ☒ FEE ATTACHED   ☐ FEE NOT REQUIRED   ☐ FEE IS DEFERRED

| DATE 1-24-08 | PRINT NAME Glenn B. Carey | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|