MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100
Attorneys for Defendant, Aetna Life Insurance Company

By: _____
     Steven P. Del Mauro

| | |
|---|---|
| EMMA KURYLA, | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
| Plaintiff, | CIVIL ACTION NO. 08-474 (DRD) |
| vs. | |
| AETNA LIFE INSURANCE COMPANY, BUSINESS COUNCIL OF NEW YORK AND EL AL AIRLINES, | |
| Defendants. | |

**CIVIL ACTION – ANSWER AND SEPARATE DEFENSES TO THE COMPLAINT ON BEHALF OF AETNA LIFE INSURANCE COMPANY**

Aetna Life Insurance Company ("Aetna"), maintaining its principal place of business located at 151 Farmington Avenue, Hartford, CT 06156 by way of answer to the complaint filed on behalf of Emma Kuryla ("Kuryla") alleges and says:

**JURISDICTION AND VENUE**

1.    Aetna is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 1, except to admit this court maintains jurisdiction pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq*. Aetna further admits to having issued a policy of group insurance bearing

group policy no. GP-888470 which provides long term disability benefits to eligible employees of El Al Israel Airlines, Ltd.

2. Aetna admits the allegations contained in paragraph 2.

3. Aetna admits the allegations contained in paragraph 3.

4. Aetna is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 4 and leaves Kuryla to her proofs.

## PARTIES

5. Aetna denies the allegations contained in paragraph 5, except to state it is without specific information as to the residency of Kuryla and leaves her to her proofs.

6. Aetna denies the allegations contained in paragraph 6, except to admit having issued a policy of group insurance bearing group policy no. GP-888470 which provides benefits to certain eligible employees of El Al Israel Airlines, Ltd. Aetna further admits that it maintains sole discretionary authority to determine eligibility for benefits and to construe the terms and provisions of the policy of group insurance. Aetna further admits that it conducts business throughout the United States, and is authorized to transact the business of insurance in the State of New Jersey.

7. Aetna admits the allegations contained in paragraph 7.

## STATEMENT OF FACTS

8. Aetna is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 8, except to admit Kuryla was an employee of El Al Israel Airlines, Ltd., and that she was involved in a motor vehicle accident on July 9, 2004.

9. Aetna denies the allegations contained in paragraph 9, except to admit Kuryla submitted a claim seeking benefits under the policy of group insurance issued by Aetna. Aetna

2

begs leave to refer to the terms, conditions, limitations and exclusions contained in the policy of group insurance which speaks for itself.

10. Aetna denies the allegations contained in paragraph 10, except to admit having approved and paid Kuryla benefits for a period of 24 months, following expiration of the elimination period, under the policy of group insurance.

11. Aetna admits the allegations contained in paragraph 11, however, begs leave to refer to its correspondence dated December 18, 2006, setting forth its initial benefit determination as if the same were fully set forth at length herein.

12. Aetna admits the allegations contained in paragraph 12, however, begs leave to refer to its correspondence dated December 3, 2007, setting forth its final determination regarding Kuryla's claim for benefits under the policy of group insurance.

13. Aetna admits the allegations contained in paragraph 13.

14. Aetna denies the allegations contained in paragraph 14.

15. Aetna denies the allegations contained in paragraph 15.

16. Aetna denies the allegations contained in paragraph 16.

WHEREFORE Aetna demands judgment dismissing the complaint with prejudice, costs of suit, reasonable attorney fees and such other relief as the court deems equitable and just.

## SEPARATE DEFENSES

1. The complaint fails to state a claim upon which relief may be granted.

2. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of waiver.

3. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of laches.

4. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of estoppel.

5. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of unclean hands.

6. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of unjust enrichment.

7. The causes of action and/or relief sought should be barred and/or precluded by virtue of the applicable period and/or statute of limitations.

8. The causes of action and/or relief sought should be barred and/or precluded by virtue of the express terms and provisions of the employee welfare benefit plan at issue.

9. The causes of action and/or relief sought should be barred and/or precluded because Kuryla failed to provide sufficient proof of her eligibility for benefits.

10. The causes of action and/or relief sought should be barred and/or precluded by virtue of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") 29 U.S.C. §1001, *et seq.*

11. The causes of action and/or relief sought should be barred and/or precluded because Aetna's determination regarding Kuryla's entitlement to benefits was reasonable and was neither arbitrary nor capricious.

12. The causes of action and/or relief sought should be barred and/or precluded by virtue of the deferential standard of review which ought to be accorded the claim determination.

13. To the extent that plaintiffs purport to seek legal damages, said request should be stricken from plaintiffs' complaint for the reason that said damages are not recoverable under ERISA as a matter of law.

14. Any remedy available for any act or omission by defendant is limited solely to those remedies available under ERISA.

15. To the extent that plaintiffs purport to seek compensatory, consequential and/or punitive damages, said request should be stricken from plaintiff's complaint for the reason that said damages are not recoverable under ERISA as a matter of law.

16. In the event plaintiff is awarded benefits under the long term disability plan such payment may be reduced and/or offset by any other income, as defined in the plan that plaintiff may receive or be entitled to.

17. In the event plaintiff is awarded benefits under the long term disability plan, Aetna reserves the right to suspend or adjust benefits by the estimated amount of other income benefits pursuant to the Required Proof of Income and Capitalization provision of the plan.

              MCELROY, DEUTSCH, MULVANEY
                & CARPENTER, LLP
              Attorneys for Defendant,
              Aetna Life Insurance Company

            By: _____
              Steven P. Del Mauro

Date: March 27, 2008
1060291_1.doc